UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

FREDERICK DOE,

Civil Action No.: CV-15-666/

                            Plaintiffs,

        -against-

THE CITY OF NEW YORK, DETECTIVE EDWARD
PLANT, SHIELD #5521, NEW YORK CITY POLICE
OFFICERS JOHN DOES "1-5",

                            Defendants.

------------------------------------------------------------------X

**VERIFIED COMPLAINT**

**JURY TRIAL DEMAND**

**ECF CASE**

## PRELIMINARY STATEMENT

1.      This is a civil rights action to recover money damages arising out of defendants' violation of plaintiffs' rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the First, Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York.  Plaintiff, was falsely arrested, falsely imprisoned and maliciously prosecuted in violation of the Fourth and Fourteenth Amendments to the United States Constitution.  Plaintiff was deprived of his constitutional and common law rights when the individual defendants unlawfully confined the plaintiff, caused the unjustifiable arrest of the plaintiff, and caused the unlawful prosecution of the plaintiff.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331, 1342 (3) and (4) and the aforementioned statutory and constitutional provisions.

3.     The plaintiff invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gave rise to the federally based claims and causes of action.

## VENUE

4.     Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district.

## PARTIES

5.     Plaintiff FREDERICK DOE is a resident of Richmond County, City and State New York.

6.     New York City Police Detective Edward Plant ("Plant"), shield number 5521, is and was at all times relevant herein an agent, servant, employee, and/or officer of the New York City Police Department.

7.     On the date of incident, December 14, 2011, Detective Plant was assigned to a Precinct that is presently unknown.

8.     Detective Plant is being sued in his individual and official capacity.

9.     New York City Police officers John Doe(s) "1"-"5", shield number presently unknown, are and were at all times relevant herein agent, servant, employee, and/or officer of the New York City Police Department.

10.     At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees, and/or officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.  They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as agents, servants, employees, and/or officers of the New York City Police Department and incidental to the lawful pursuit of their duties as agents, servants, employees, and/or officers of the New York City Police Department.

11.     Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department.


## STATEMENT OF FACTS

12.     On January 4, 2012, plaintiff FREDERICK DOE was sleeping, when he was suddenly confronted by members of the New York City Police Department at his home.  At approximately 6:00 am, members of the detective squad, including but not limited Detective Edward Plant, knocked on his door and told him they had a warrant for his arrest stemming from an incident in December of 2011.

- 3 -

13.     Detective Edward Plant told plaintiff, Mr. Doe, he had a warrant out under his name for a robbery.

14.     Mr. Doe explained that he had no idea what they were talking and denied all charges relating to a robbery.

15.     Detective Plant then placed Mr. Doe in the police van.

16.     At no point was he read his Miranda rights.

17.     He was then transported to central booking where he was eventually taken before the Honorable Judge Meyer, in Part AP1.

18.     Upon information and belief, bail was then set and he remained incarcerated for several days unable to make bail.

19.      Upon information and belief, the felony charges were dismissed and new charges filed against Mr. Doe under the same docket number 2012RU000119.

20.     During the entire process, Mr. Doe maintained his innocence.

21.     After years of appearances in court, the matter was dismissed and sealed on December 5, 2014.

## FIRST CAUSE OF ACTION
### Violation of the Plaintiff's Fourth Amendment and Fourteenth Amendment Rights

22.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "21" with the same force and effect as if more fully set forth at length herein.

23.     Defendants, who were acting in concert and within the scope of their authority, arrested and caused plaintiff FREDERICK DOE to be imprisoned and criminally

prosecuted without probable cause in violation of plaintiff's right to be free of an unreasonable search and seizure under the Fourth Amendment of the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

## SECOND CAUSE OF ACTION
### False Arrest and False Imprisonment

24.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "23" with the same force and effect as if more fully set forth at length herein.

25.     The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New York and under the Fourth Amendment to the United States Constitution.  Defendants intended to confine the plaintiff and, in fact, confined the plaintiff, and the plaintiff was conscious of the confinement.   In addition, the plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

26.     Defendants were at all times agents, servants, employees, and/or officers acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

27.     The City, as the employer of the police officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

28.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## THIRD CAUSE OF ACTION
### Malicious Prosecution

29.    The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "28" with the same force and effect as if more fully set forth at length herein.

30.    The acts and conduct of the defendants constitute malicious prosecution under the laws of the State of New York and under the Fourth Amendment to the United States Constitution.

31.    Defendants commenced and continued a criminal proceeding against the plaintiff.

32.    There was actual malice and an absence of probable cause for the criminal proceeding against the plaintiff for each of the charges for which he was prosecuted.

33.    The prosecution and criminal proceedings terminated favorably for the plaintiff.

34.    Plaintiff was subjected to a post-arraignment deprivation of liberty sufficient to implicate the plaintiff's Fourth Amendment rights.

35.    Defendants were at all times agents, servants, employees, and/or officers acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

36.    The City, as the employer of the police officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

37.    Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## FOURTH CAUSE OF ACTION
### Failure to Intervene

38.    The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "37" with the same force and effect as if more fully set forth at length herein.

39.    Defendants had an affirmative duty to intervene on behalf of the plaintiff, whose constitutional rights were being violated in the presence of other officers.

40.    Defendants failed to intervene to prevent the unlawful conduct described herein.

41.    As a result of the foregoing, the plaintiff's liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subject to false arrest and malicious prosecution, and other physical constraints.

42.    Defendants were at all times agents, servants, employees, and/or officers acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

43.    The City, as the employer of the police officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior

44.    Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## FIFTH CAUSE OF ACTION
## Negligent Hiring, Retention, Training and Supervision

45.     The plaintiffs repeat, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "44" with the same force and effect as if more fully set forth at length herein.

46.     The City of New York and its agents, servants, and/or employees acting within the scope of their employment did negligently hire, retain, train and supervise defendants, individuals who were unfit for the performance of police duties on January 31, 2014, at the aforementioned location.

47.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## JURY DEMAND

48.     Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff prays for relief as follows:

That the jury find and the Court adjudge and decree that plaintiffs Mark McLeod shall recover compensatory damages in the sum of $2,000,000 against the individual defendants and the City of New York, jointly and severally, together with interest and costs; and punitive damages in the sum of $2,000,000 against the individual defendants, jointly and severally.

a.    That the plaintiff recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. § 1988.

b.    That the plaintiff has such other and further relief as the Court shall deem just and proper.

Dated: New York, N.Y.
       November 19, 2015

LAW OFFICE OF MATTHEW B. WALLER

By: _____

MATTHEW B. WALLER
Attorneys for Plaintiff
**FREDERICK DOE**
20 Vesey Street, Suite 500
New York, N.Y. 10007
212-766-4411

Index No.: CV-15-6661

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

FREDERICK DOE,

                              Plaintiffs,

        -against-
THE CITY OF NEW YORK, DETECTIVE EDWARD
PLANT, SHIELD #5521, NEW YORK CITY POLICE
OFFICERS JOHN DOES "1-5",

                              Defendants.

# VERIFIED COMPLAINT

**LAW OFFICE OF MATTHEW B. WALLER**
Attorneys for Plaintiff
**FREDERICK DOE**
20 Vesey Street - Suite 500
New York, N.Y. 10007
212-766-4411

*Dated:*_____
        *Signed:*_____

*Service of a copy of the within*
*is hereby admitted.*

*Dated:*_____

        _____
                      *Attorney(s) for*